# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS MERCADO GUZMAN, | : |
| Petitioner, | : Civil Action No. 24-1054 (JKS) |
| v. | : **MEMORANDUM AND ORDER** |
| MOSHANNON VALLEY PROCESSING CENTER, | : |
| Respondent. | : |

Luis Mercado Guzman, an immigration detainee at Moshannon Valley Processing Center ("MVPC") in Philipsburg, Pennsylvania, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. DE 1. Petitioner seeks release from custody, alleging, *inter alia*, that his "continued detention with no relief in sight in an overcrowded and dangerous facility is a denial of due process." DE 1 at 7. For the reasons below, the Court will transfer the petition to the United States District Court for the Western District of Pennsylvania.

"The proper venue for a § 2241 proceeding is the prisoner's district of confinement." *Meyers v. Martinez*, 402 F. App'x 735, 735 (3d Cir. 2010) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The proper respondent is the "immediate custodian," i.e., the person with the power to produce the petitioner before the court and to release him if proper to do so. *Padilla*, 542 U.S. at 435 (citing 28 U.S.C. § 2243). "District courts are [] limited to granting habeas relief 'within their respective jurisdictions,'" *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)), so that "the court issuing the writ ha[s] jurisdiction over the

custodian,'" *id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).[1]

Here, Petitioner is confined at the MVPC, which is in the Western District of Pennsylvania. *See Jerez v. Warden of Moshannon Valley Processing Ctr.*, No. 23-306, 2023 WL 4112151, at *1 (M.D. Pa. June 21, 2023) ("The [MVPC] is in the Western District of Pennsylvania."); *id.* at *2 ("[T]he United States District Court for the Western District of Pennsylvania recognizes that [the former Moshannon Valley Correctional Center, which is now the MVPC,] is located in that district" and "the Third Circuit has agreed.") (citing *Tsoukalas v. United States*, 215 F. App'x 152 (3d Cir. 2007). Because Petitioner was detained at the MVPC at the time of filing, this Court does not have jurisdiction over his § 2241 petition.

When a federal court lacks jurisdiction, it may transfer the case to another federal court that does have jurisdiction if it is in the interest of justice to do so. *See* 28 U.S.C. § 1631. "In determining whether transfer is 'in the interest of justice,' courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *United States v. Banks*, 372 F. App'x 237, 239 (3d Cir. 2010) (quoting 28 U.S.C. § 1631).

Petitioner has paid the filing fee, and there is no indication that he was not proceeding in good faith when he filed the petition in this district. Indeed, it appears that Petitioner's immigration case is pending in Elizabeth, New Jersey. DE 1 at 2; *see also*

---

[1] *See also, e.g.*, *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F. 4th 434, 444 (3d Cir. 2021) ("[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement") (citation omitted); *United States v. Sheppard*, 742 F. App'x 599, 601 (3d Cir. 2018) ("A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be bought in the district where the prisoner is confined and the prisoner must name the custodian at the facility where he is being held as the respondent.") (citation omitted).

https://acis.eoir.justice.gov/en/caseInformation (Executive Office of Immigration Review Automated Case Information search results indicating that Petitioner's case is pending in immigration court in Elizabeth, New Jersey; last checked 3/10/2024). This could explain his confusion regarding where to file his petition. Further, there do not appear to be equitable factors weighing against transfer. The Court therefore finds that it is in the interest of justice to transfer this action to the Western District of Pennsylvania. *See Jerez*, 2023 WL 4112151, at *2 ("Courts in [the Middle District of Pennsylvania] have repeatedly recognized that the [former Moshannon Valley Correctional Center, which is now the MVPC,] is in the Western District of Pennsylvania, and they have transferred cases involving that facility to the Western District.") (citing cases).

Accordingly, IT IS this 22nd day of March, 2024,

**ORDERED** that the Clerk of Court is directed to TRANSFER this action to the Western District of Pennsylvania; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and CLOSE this matter.

_____
**JAMEL K. SEMPER, U.S.D.J.**

3