IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS MERCADO GUZMAN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:24-cv-61 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| WARDEN MOSHANNON VALLEY ) | |
| PROCESSING CENTER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Pending before the Court[1] is the pro se Petition for a Writ of Habeas Corpus (ECF 1) filed by Luis Mercado Guzman ("Petitioner") under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the Petition because it is moot.

**I.      Relevant Background**

Petitioner is a native and citizen of the Dominican Republic who entered the United States in June 2011. (Resp's Ex. 1.) Beginning in 2017 and continuing through 2022, he was convicted of multiple crimes, including a 2019 conviction for possession of heroin. (Resp's Ex. 2.)

In August 2023, Petitioner was arrested in New Jersey pursuant to a bench warrant on state charges related to his unlawful possession of weapons. (Resp's Ex. 6.) After this arrest, he was served with the Department of Homeland Security Notice to Appear for a hearing in September 2023. In this Notice, Petitioner was charged with being removable because of his 2019 conviction for possession of heroin. (Resp's Ex. 2.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Petitioner, through counsel representing him in his immigration proceeding, filed several motions to continue his hearing. It was eventually held and, in May 2024, the immigration judge ordered that Petitioner be removed. (Resp's Ex. 5.) Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"). (Resp's Ex. 7)

In the meantime, Petitioner, who at the time was in the custody of the U.S. Immigration and Customs Enforcement ("ICE") at the Moshannon Valley Processing Center ("MVPC"), commenced this case by filing the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF 1.) He provided little factual detail to support his request for habeas relief, but pointed out that he was appealing the immigration judge's removal order to the BIA and asserted that his detention at MVPC under the circumstances violated his right to due process. (*Id.*, ¶¶ 11-13.)

Respondents filed their Answer (ECF 9) opposing the Petition. Petitioner then filed his Reply (ECF 12) in which he explained that the BIA had recently dismissed the appeal he had filed challenging the immigration judge's removal order because it determined that his appeal was untimely filed. Petitioner claimed the attorney who represented him during his immigration proceeding provided him with ineffective assistance. (*Id.*)

Petitioner was later transferred out of MVPC. Since that time, he has not updated his address of record or otherwise communicated with the Court.[2] A review of the docket of the U.S. Court of Appeals for the Third Circuit, which hears appeals from BIA decisions, shows that in late 2024 the BIA reinstated Petitioner's appeal of the immigration judge's removal order. The Court

---

[2] In an order the Court issued at the beginning of this case, the Court advised Petitioner that he "is under a continuing obligation to notify the Court of any change of address by filing a separate document entitled Notice of Change of Address." (ECF 4.) Petitioner did not comply with this directive, likely because he is no longer interested in the outcome of this case since, as explained herein, he ultimately was successful in reopening his immigration proceedings.

of Appeals therefore dismissed as moot the petition for review that Petitioner had filed with it because Petitioner was no longer subject to a final order of removal. *See* docket sheet for *Mercado Guzman v. Attorney General of the U.S.*, C.A. No. 24-2472 (available on PACER).

## II.  Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). The general habeas statute at 28 U.S.C. § 2241 confers jurisdiction on this Court to hear certain statutory and constitutional challenges raised by an immigration detainee challenging his detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel*, 729 F.3d at 280.

That is the case here. Petitioner has been released from MVPC and has not updated the Court as to his present whereabouts. Additionally, he received relief in his BIA proceeding in the form of an order that reopened his appeal of the removal order issued by the judge in his immigration case. For all these reasons, the Petition that Petitioner filed in this case is moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). Therefore, the Court will dismiss the Petition and close this case. The dismissal is without prejudice to Petitioner filing another habeas petition in the appropriate district court if he is still in ICE custody and seeks to challenge the legality of that custody.

### III.  Conclusion

For all of these reasons, the Court will dismiss the petition without prejudice.

An appropriate Order follows.


Date:  December 11, 2025                                          /s/ Patricia L. Dodge
                                                                  PATRICIA L. DODGE
                                                                  UNITED STATES MAGISTRATE JUDGE